## Cooper v. Wilson.

(Decided Dec. 10, 1937.)

B. J. BETHURUM, JOHN M. PERKINS and RUSSELL JONES for appellant.

KENNEDY & KENNEDY and E. T. MOSLEY & SON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Pulaski circuit court on September 27, 1935, by the appellant and plaintiff below, James Cooper, against appellee and defendant below, J. D. Wilson, wherein plaintiff seeks to recover from defendant the sum of $500 as damages produced by alleged wrongful action of defendant in diverting the natural flow of water from a natural stream, and from the hillside down which it flowed, so as to cause it to run over on the land of plaintiff and to overflow and injure it. The parties are the owners of adjoining farms in a section of Pulaski county, Ky., the topography of which appears from the record to be more or less rugged. In that immediate locality Fishing Creek runs east and west. A small stream flowing south traverses the hillside north of the creek, embracing portions of the farms of each litigant. There is a narrow valley between Fishing Creek and the foot of the hill traversed by the mountain stream north of it. The natural flow of the water appears from the record—after it leaves the mouth of that stream and out from either side of it

—to have spread out over the narrow valley. At a point along the mountain stream called in this record "Cedar Corner," is also a corner of the line between plaintiff's and defendant's tracts of land. The line then turns slightly south of east and runs to a natural spring and from thence straight south to Fishing Creek. The niche or corner of plaintiff's farm (it lying west of that owned by defendant) embraced in the area made by the turn from Cedar Corner to the spring is the portion of land claimed by plaintiff to have been wrongfully damaged by defendant and which he avers was done by defendant repairing an old fence—running along the lines from Cedar Corner to the spring, and the one from it to the creek—and also by defendant damming, with brush and other obstructive material, a washout made by an overflow of the mountain stream just above Cedar Corner, whereby the water was caused to flow over on to defendant's land and wash away its soil. The first paragraph of the answer of defendant denied the wrongful acts charged against him in the petition, and upon trial the jury under the instructions of the court found for defendant, followed by a judgment dismissing plaintiff's petition, to reverse which he prosecutes this appeal.

A similar action was filed by plaintiff against defendant in 1934 for similar alleged wrongful acts, and it resulted the same as this one, i. e., a verdict and judgment for defendant. That judgment was pleaded in bar of this action; but plaintiff sought to avoid it by alleging that his cause of action in the instant case occurred since the judgment rendered in that one. That contention was contested by defendant; but he also insisted that, even so, plaintiff sought by his first action to recover for permanent damage to his land and introduced testimony therein to prove the difference between its market value under the alleged conditions produced by defendant, and its value without such conditions prevailing, and which appears to be true. But, waiving it, and disallowing any effect to be given to the first judgment by disposing of it entirely upon the proof heard at the trial—wholly divorced from any consideration of the former judgment—we are convinced that no error is shown authorizing a reversal of the judgment appealed from.

To begin with, the alleged obstruction of the flow of the water from the mountain stream, produced by de-

fendant's alleged dam that he created, became necessary as shown by the proof in order to protect his land from the results of prior action of plaintiff in constructing what appears to be a spite fence of woven wire from the Cedar Corner to the spring paralleling a barbed wire fence that defendant maintained along the same line. The widest distance between the two was at the spring where the fences were about four or five feet apart, both of them being attached to the same cedar tree at Cedar Corner. The woven wire fence constructed by plaintiff collected debris from the natural flow of the water from the mountain or hill side, and created a dam nearly the height of the fence, and caused the water in the mountain stream to back up and to break over its banks and let loose the flowing water on to defendant's farm at the point where he built the brush dam. So that under the facts the jury were fully authorized in exculpating defendant from the charge of any wrongful or illegal action in the creating of that dam.

The only other act of defendant following the former judgment was some repairs he made to the two spans of line fencing that he maintained from Cedar Corner to the creek and which repairs were at the corner where the spring is located. They consisted in reconstructing a panel or two at that end of each line of fencing by putting in some new posts and repairing the worn out panels; but it was done in a manner not to materially or at all increase the obstruction of the natural flow of the water—at least plaintiff's testimony so proved, and which the jury appears to have accepted. The amount of land claimed to have been damaged by plaintiff is only about $1\frac{1}{2}$ acres, but defendant's testimony shows that it was not damaged to any extent. The collection of a pool of water on that acreage immediately following a precipitous rain, according to defendant's testimony, is but the natural result of the topographical surroundings and because of the natural depression in plaintiff's farm at that point.

The record produces the inescapable impression that the litigation is largely, if not entirely, the result of plaintiff's disputations and litigious disposition whereby he enjoys the lurid atmosphere of belligerency. The jury found that defendant had committed no act encroaching upon any of plaintiff's rights, and that all he did was in protection of his property and that which

the law permitted him to do. Such findings are fully sustained by the proof heard at the trial, and we also conclude that the court in submitting the issues to the jury did not depart from correct practice.

Wherefore, the judgment is affirmed.